SOCIEDAD DE GANANCIALES compuesta por GUILLERMO MANZANARES, ETC., demandantes y recurridos, *v.* ANA SUÁREZ JANER, ETC., demandados y recurrentes.

*Número:* RE-87-123        *Resuelto:* 30 de junio de 1988

*Mario M. Oronoz,* abogado de los recurrentes José Luis Vadiz Colón, etc.; *Tadeo Negrón Medero*, abogado de los recurridos.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del Tribunal.

El Condominio Condado Center fue sometido al Régimen de Propiedad Horizontal mediante la Escritura Núm. 4 otor-

gada el 15 de febrero de 1978 ante el notario Marvin Díaz Ferrer. En dicha escritura la propietaria del edificio, Multiple Enterprises & Investment Corp., hizo una reserva de derecho sobre el techo del área comercial de dicho Condominio,(1) la cual lee como sigue:

El techo del edificio CONDADO COMERCIAL CENTER queda individualizado y será susceptible de adquisición y uso privado en el futuro sin que se afecte su función de techo para los locales comerciales del segundo piso. Podrá ser adquirido este derecho de superficie con la condición de que cualquier edificación que sea constru[i]da sobre el techo quedará sujeta al régimen de la propiedad horizontal a que ha sido sometido el edificio, a las demás cláusulas de esta escritura que le sean aplicables y a los reglamentos adoptados que se hacen formar parte de esta escritura y a aquellos que en el futuro puedan ser adoptados por las respectivas Juntas de Titulares. Asimismo, el dueño eventual de este derecho de superficie, una vez levantada cualquier edificación sobre el techo, la cual deberá estar a tono con el diseño, forma y tamaño del resto del edificio, siguiendo la norma establecida por ley, será responsable por los gastos de conservación y mantenimiento de las áreas comunes en proporción al área de construcción de dicha edificación, de conformidad con la ley vigente. Será responsabilidad del dueño del derecho de superficie informar a la Junta de Titulares por escrito de su intención de comenzar las obras de construcción, indicando la fecha cuando comenzarán las mismas y el área de construcción que se propone edificar. Igualmente será su obligación acompañar con dicha comunicación copia del plano o diseño de la obra que se propone realizar. La edificación que construya el adquirente de dicho derecho de superficie no podrá mermar[. . .] o afectar en forma alguna los derechos ya adquiridos por los dueños de los locales comerciales ya existentes. Este derecho de superficie cubre un área total sobre el techo de tres mil trescientos

---

(1) Este edificio consta de una sección residencial de siete (7) plantas de alto denominada "Condado Center" y de una sección comercial de una primera planta denominada "Condado Comercial Center".

ochenta y dos pies cuadrados (3,302 p/c) [sic], equivalentes a trescientos catorce punto treinta y siete metros cuadrados (314.37 m/c). *Exhibit* 8, págs. 8–9.

El 18 de septiembre de 1978 el aquí recurrente Sr. José L. Vadiz Colón compró el derecho de superficie sobre el local comercial Núm. 9. Varios días después adquirió mediante compraventa el apartamento 2-A del referido condominio, apartamento que colinda con el techo del local comercial Núm. 9. Posteriormente, el señor Vadiz Colón construyó una estructura cerrada en el techo del local comercial, la cual utiliza como sala o antesala de su apartamento.

Los propietarios del apartamento 3-A sometieron una querella en D.A.C.O. contra la Junta de Directores y su Presidenta, la Sra. Ana Suárez Janer, por éstos permitir la construcción de la mencionada estructura. El 2 de julio de 1984 la agencia resolvió a favor de los querellantes y ordenó a la Junta de Directores a tomar las medidas necesarias para cumplir con la Ley de la Propiedad Horizontal y reivindicar los derechos de los condóminos.

El señor Vadiz Colón recurrió de la decisión administrativa ante el Tribunal Superior, aun cuando él no fue parte en ese procedimiento, ya que dicha decisión le afectaba directamente. El tribunal no expidió el auto de revisión por entender que lo resuelto en el foro administrativo no podía aplicarse contra el demandado por no haber sido éste parte en el proceso.(2)

---

(2) Por su brevedad, la citamos en su totalidad.

"Estudiado nuevamente el expediente completo, resolvemos que no se justifica expedir el auto solicitado por la parte recurrente, por motivo de que la decisión de DACO objeto de este recurso no adjudica en forma definitiva los derechos de dicho recurrente, quien según admiten todas las partes no fue realmente considerado como parte dentro del proceso administrativo, y quien tendrá en su día una oportunidad de hacer valer sus derechos al defenderse de cualquier procedimiento que pudiese ser iniciado en su contra por el Consejo de Titulares del Condominio." (Cita omitida.) Apéndice, pág. 27.

El 16 de enero de 1985 los querellantes, propietarios del apartamento 3-A, presentaron demanda de *injunction* ante el Tribunal Superior, Sala de San Juan, contra el Sr. José L. Vadiz Colón, titular del apartamento 2-A, y Ana Suárez Janer en su carácter personal y como Presidenta de la Junta de Directores del Condominio Condado Center.

El 3 de febrero de 1987 el tribunal dictó sentencia parcial en que declaraba con lugar la demanda de *injunction* y ordenaba a los codemandados, Vadiz Colón y su esposa, a eliminar la estructura construida en el techo del local comercial. De dicha sentencia acuden ante nos. En apoyo de su recurso plantean la comisión de los errores siguientes:

[(1)] Erró el Tribunal de Instancia al concluir que la Ley de Propiedad Horizontal y la Jurisprudencia interpretativa proh[í]ben que la comunidad de titulares, con consentimiento unánime, disponga del derecho de sobre[e]levación a favor de uno o varios titulares y al concluir que el aprovechamiento del derecho de sobre[e]levación sólo se permite si es para *uso* común.

[(2)] Erró el Tribunal de Instancia al fundamentar su dictamen en una determinación de hechos que se produjo en un proceso administrativo del cual el aquí recurrente no fue parte, en especial cuan[d]o tal proceso administrativo fue revisado judicialmente, determinándose que su dictamen sólo puede imponerse sobre los que fueron parte en ese proceso. (Énfasis en el original.) Solicitud de revisión, pág. 4.

Expedimos el auto de revisión solicitado.

## I

El Art. 11 de la Ley de la Propiedad Horizontal, 31 L.P.R.A. sec. 1291i, dispone que:

Se consideran elementos comunes generales del inmueble:

(a) El terreno, el *vuelo* y toda área destinada a actividades recreativas.

(b) Los cimientos, paredes maestras, *techos*, galerías, vestíbulos, escaleras y vías de entrada y salida o de comunicación.

(c) Los sótanos, azoteas, patios y jardines, salvo disposición o estipulación en contrario.

(d) Los locales destinados a alojamiento de porteros o encargados, salvo disposición o estipulación en contrario.

(e) Los locales o instalaciones de servicios centrales, como electricidad, luz, gas, agua fría y caliente, refrigeración, cisternas, tanques y bombas de agua, y demás similares.

(f) Los ascensores, incineradores de residuos y, en general todos los artefactos o instalaciones existentes para beneficio común.

(g) Toda área destinada a estacionamiento, salvo disposición o estipulación en contrario.

(h) Todo lo demás que fuere racionalmente de uso común del inmueble o necesario para su existencia, conservación, seguridad y adecuado uso y disfrute. (Énfasis suplido.)

El Art. 12 de la misma ley, 31 L.P.R.A. sec. 1291j, dispone a su vez que:

Tambien serán considerados elementos comunes, pero con carácter limitado, siempre que así se acuerde expresamente por la totalidad de los titulares del inmueble, aquellos que se destinen al servicio de cierto número de apartamientos con exclusión de los demás, tales como pasillos, escaleras y ascensores especiales, servicios sanitarios comunes a los apartamientos de un mismo piso y otros análogos.

El recurrente Vadiz Colón sostiene que la reserva hecha por Multiple Enterprises & Investment Corp., al individualizar el techo del edificio comercial Condado Comercial Center, constituyó una reserva del *uso* de la azotea de dicho edificio como elemento común limitado a su apartamento, acto legítimo autorizado por el Art. 12 de la Ley de la Propiedad Horizontal, *supra.*

A su vez sostiene que, a tenor con el Art. 18(3) de dicha ley, 31 L.P.R.A. sec. 1291p, podía, mediante el consenti-

---

(3) El Art. 18 de la Ley de la Propiedad Horizontal dispone que:

"Ningún titular podrá, sin el consentimiento unánime de los otros, construir nuevos pisos, hacer sótanos o excavaciones, o realizar obras que afecten a la seguridad, solidez y conservación del edificio." 31 L.P.R.A. sec. 1291p.

miento unánime de los titulares del edificio, hacer uso del vuelo del edificio y del derecho de sobreelevación del mismo, y construir la estructura objeto de la presente controversia.

▪ No le asiste la razón. En primer lugar, la individualización del techo del edificio comercial hecha por Multiple Enterprises & Investment Corp. en la escritura matriz constituyó una reserva del uso del vuelo y del derecho de sobreelevación hecha por el propietario del edificio a favor de un apartamento en particular, acto prohibido por el Art. 11 de la Ley de la Propiedad Horizontal, *supra*, y el caso de *Costa Linda, Inc. v. Registrador*, 109 D.P.R. 861 (1980). En dicho caso resolvimos que por ser el vuelo un elemento común general no susceptible de apropiación particular, la reserva del mismo y del derecho de sobreelevación hecha por la propietaria del edificio, Costa Linda Inc., a favor de un apartamento en particular era impermisible bajo el Art. 11(a) de la Ley de la Propiedad Horizontal, 31 L.P.R.A. sec. 1291i(a).

Así, sostuvimos que:

> Hacer reserva del derecho de sobreelevación a favor de un apartamiento es tanto como reservarle a éste un "solar" sobre el techo para edificar. Ese derecho se lo reserva la ley a los condómin[o]s, prohibiéndoles disponer de él a no ser por acuerdo unánime de ellos. *Costa Linda, Inc. v. Registrador*, supra, pág. 870.

Resolvemos que era nula la cláusula de reserva hecha por Multiple Enterprises & Investment Corp. en la escritura matriz.

▪ En segundo lugar, la contención del recurrente de que sólo adquirió el uso de la *azotea* como elemento común limitado no puede sostenerse. Lo que adquirió el recurrente fue el uso del vuelo y del derecho de sobreelevación sobre el *techo* de los locales comerciales.

En *Consejo de Titulares v. Vargas*, 101 D.P.R. 579, 583 (1973), dijimos que:

La interacción y equivalencia funcional de ambos conceptos las sintetiza Borja Martínez, a la pág. 171 de su obra *"La Propiedad de Pisos o Departamentos en el Derecho Mexicano"* al decir que techo es "la parte inferior y superior de un edificio que lo cubre y cierra; y azotea es la cubierta llana de un edificio dispuesta para poder andar por ella de donde se deduce según su configuración física un techo puede o no ser al mismo tiempo azotea".

En este caso, el área individualizada fue la parte superior del edificio comercial, área no dispuesta para andar sobre ella y hacia la cual no existía acceso alguno a través de los apartamentos residenciales. Dicha área era un techo no susceptible de utilizarse como azotea.

El techo, a diferencia de la azotea, constituye un elemento común general no susceptible de apropiación particular. A tenor con el Art. 13 de la ley, 31 L.P.R.A. sec. 1291k,[4] el techo, como todo elemento común, ha de permanecer en indivisión forzosa, siendo todo pacto en contrario nulo. El aquí recurrente no podía erigir la estructura aquí en controversia, ya que el área que ocupa dicha estructura, o sea, el techo y el vuelo del edificio comercial, son elementos comunes generales necesarios cuya naturaleza no puede ser variada por ley. *Arce v. Caribbean Home Const. Corp.*, 108 D.P.R. 225 (1978).

■ Por último, el lenguaje del Art. 18 de la Ley de la Propiedad Horizontal, *supra*, no puede tener el efecto de permitir lo que la ley prohíbe en su Art. 11, *supra*. Esto es, no puede uno de los titulares del condominio, mediante el consentimiento unánime de los demás titulares, construir una estructura cerrada sobre un elemento común general,

---

[4] El Art. 13 dispone que:
"Los elementos comunes, generales y limitados, se mantendrán en indivisión forzosa y no podrán ser objeto de la acción de división de la comunidad. Cualquier pacto en contrario será nulo." 31 L.P.R.A. sec. 1291k.

convirtiéndolo en un elemento privativo, en clara violación a las disposiciones de la Ley de la Propiedad Horizontal y a nuestra jurisprudencia, que prohíben que ciertos elementos comunes generales, como lo son el techo y el vuelo de un edificio, se conviertan en elementos comunes limitados o en elementos privativos.

■ Se ha reconocido que mediante el consentimiento unánime de los titulares se pueda disponer del derecho de utilizar el vuelo para elevar la edificación.[5] No obstante, dicha elevación ha de ser para beneficio de toda la comunidad, ya que al ser el vuelo un elemento común general y el derecho a sobreelevación un derecho comunal reservado a la comunidad de condóminos, la utilización de los mismos no puede tener el efecto de variar su naturaleza común, ya que todo pacto contrario a su naturaleza común será nulo. *Costa Linda, Inc. v. Registrador*, supra.

## II

El segundo señalamiento de error versa sobre la negativa del tribunal a relitigar un asunto ya adjudicado en el foro administrativo. Resolvió el tribunal de instancia que, por haberse establecido como hecho probado en la vista ante D.A.C.O. la no existencia de acuerdo unánime de los titulares para permitir la sobreelevación, dicho asunto no podía litigarse nuevamente.

Al haber resuelto el tribunal de instancia que la edificación realizada por el demandado, mediante la cual anexó a su apartamento el área del techo de los locales comerciales,

---

[5] En *Costa Linda, Inc. v. Registrador*, 109 D.P.R. 861, 869 (1980), dijimos que:

"Al impedir el Art. 11 que se haga reserva del vuelo en perjuicio de su carácter comunal, no impide que la comunidad lo aproveche mediante el ejercicio de su derecho de sobreelevación en virtud del Art. 18. Ambas disposiciones, lejos de contradecirse, se complementan."

viola las disposiciones de la Ley de la Propiedad Horizontal, independientemente de la existencia o no de un consentimiento unánime, dicho error, de haberse cometido, es inconsecuente.

Por las razones antes expuestas, *se confirmará la sentencia parcial recurrida.*(6)

El Juez Presidente Señor Pons Núñez no intervino.

---

(6) *Se devuelve el caso al tribunal de instancia para que se adjudique la demanda contra tercero incoada por Vadiz Colón contra la antigua propietaria, Multiple Enterprises & Investment Corp.*